### LITCHWORTH *&* AL vs. BARTELLS *&* AL.

APPEAL from the court of the eighth district.

A plat of survey made under the authority of the surveyor general of the former government of Louisiana, is legal evidence in support of title to the land surveyed.

Plaintiff may file a supplemental petition, which does not change the original action.

MATHEWS, J., delivered the opinion of the court. This is an action of tresspass, relating to land, in which the respective titles of the parties are brought into view; their claims appear to have been severely contested in the court below, if we may judge from the number of points made and supported *pro* and *con* and the many bills of exceptions which appear on the record, and on which the case is principally brought before this court. Of these exceptions we deem it necessary to examine only two, being clearly of opinion that the judge *a quo*, erred in rejecting the evidence, which gave rise to one of them taken by the defendants, who are here appellants. The evidence offered is a survey of part of the disputed premises, alleged to have been made,

East'n. District.
*January* 1826.

LITCHWORTH
& AL.
*vs.*
BARTELLS
& AL.

by and under the authority of the Spanish government, as exercised in the province of Louisiana. The plat or plan is certified by Carlos Trudeau, the surveyor general of said province, as having been executed by one of his deputies. Since the change of government, and opening of the land-office under the authority of the United States, this plan of survey was regularly registered, and a certificate obtained from the commissioners in favor of the person claiming under it. They have, therefore, for and on the part of the United States, recognized it as evidence of title, and we believe in strict conformity with the act of congress, of the 3d March, 1819, cited and relied on by both parties to this suit. The legal effect which it may have in opposition to the plaintiffs' evidence of title, will be fairly considered after its introduction. In relation to the other exception, which we think proper now to notice, *i. e.* to the permission given to the plaintiff to amend his petition by supplement; we are of opinion that the judge below did not err. It does not appear to us radically to change the demand. Actual possession when legal and peaceable, is sufficient to maintain an action of tresspass. In the pre-

LITCHWORTH
& AL.
vs.
BARTELLS
& AL.

sent case, the supplemental petition sets forth the manner of possession and title, under which the plaintiffs hold, this cannot fairly be considered as a change in the substance of the demand.

It is therefore, ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled; and it is further ordered and decreed, that the cause be sent back to the court below for a new trial, with instructions to the judge *a quo* to admit in evidence the plat or plan of survey, offered by the defendants, and that the appellees pay the costs of this appeal.

*Ripley & Conrad* for the plaintiffs, *Hennen* for the defendants.